CARLON, Respondent, v. WESTERN UNION TELEGRAPH
COMPANY, Appellant.

(153 N. W. 375.)

(File No. 3748.    Opinion filed June 21, 1915.    Rehearing pending.)

1.  **Telegraphs and Telephones—Negligence—Mistake in Price per Bushel—Incorrect Telegram—Sale of Oats—Measure of Damages—Value, Basis of—Evidence of Local Market Reports, Admissibility.**

    Where, by the negligence of a telegraph company, a telegram offers for sale oats at 40, instead of 45, cents per bushel on tracks at delivery point, and the oats are settled for at that price, **held**, that the seller, engaged in buying and selling grain at the point of sending of telegram, could recover damages on basis of value of said oats at shipping point, which value was properly determinable by evidence of value of those oats at that point for purposes of sale at terminal shipping point in open market.    **Held**, further, that trial court properly refused evidence of local newspaper market reports as to value of oats at the shipping point.

2.  **Telegraphs and Telephones—Negligence—Sale of Oats—Misstatement of Price in Telegram—Reduction of Damages—Seller's Buying Other Oats for Substitution, Necessity.**

    Through negligence of telegraph company a telegram offered for sale, oats at 40, instead of 45, cents per bushel on tracks at delivery point.    **Held**, that seller, engaged in buying and selling grain at that point, was under no duty by way of reduction of damages, to buy other oats there to replace the sold oats.

3.  **Appeals—Error—Market Value—Locus for Fixing—Pleadings Concerning—Locus as Plead, Immateriality of, Under Theory of Trial.**

    In a suit against a telegraph company for damages for negligent mistake in telegram under-stating price at which oats were offered for sale, **held**, that an allegation in complaint of market value of oats at delivery point as basis of value was immaterial, where, on the trial, defendant's theory was that value at shipping point controlled.

Appeal from Circuit Court, Douglas County.    Hon. ROBERT
B. TRIPP, Judge.

Action by James Carlon against the Western Union Telegraph Company, to recover damages resulting from plaintiff's sale of oats at a lower price, owing to defendant's understating the price in a telegram, caused by mistake in transmission.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*Bailey & Voorhees* (*George H. Fearons,* of counsel) *for* Appellant.

*E. P. Wanzer,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Sisson v. Cleveland Toledo Railroad Company, 14 Mich. 489; Peter v. Thickstun, 51 Mich. 589.

(3) Under point three of the opinion, Appellant submitted that: Respondent is bound by the allegations of his complaint as to market value.

WHITING, J.    Appeal by defendant from judgment and order denying a new trial.   Plaintiff, a grain dealer at Armour, S. D., delivered to defendant, for transmission to a party at Miles, Iowa, a message offering to sell to such party a car of oats at 45 cents per bushel on track at Miles.   Through the negligence of defendant the message, as delivered, read "40" where it should have read "45."   The offer was accepted, and plaintiff, in ignorance of the error in the message as received, shipped a car of oats to such party, and afterwards settled for same at 40 cents per bushel.   The evidence, under the theory upon which the case was tried, was ample to sustain the verdict.

Appellant claims the trial court erred in refusing to admit as evidence the market reports published in the Armour newspapers, in refusing to permit appellant proper latitude in its cross-examination of witnesses on the question of market value, and in giving a certain instruction to the jury on the question of market value.   Appellant contends that, if the value of oats at Armour was the proper basis upon which to rest respondent's damages, then, as tending to prove such value, it was proper to prove what was the market price at which similar oats could have been purchased at Armour.   Respondent contends that the proper basis upon which to compute his damages was the value of these oats for the purpose of shipment to and sale in the terminal markets.   The evidence received showed such shipping value.   If such value was the proper basis upon which to compute respondent's loss, the trial court committed no prejudicial error, either in its rulings upon evidence or in the instuction complained of.   Appellant cites, in support of its contention, 37 Cyc. 1773.   The section undoubtedly referred to, and which appears on pages 1772 and 1773, reads:

"Where in consequence of a telegraph company's negligence· goods are shipped and sold on a particular market, which, if the company had performed its obligation,. would have been shipped and sold on another and better market, a recovery has been allowed for the difference between the markets, plus or minus, as the case may be, the difference in expense of transportation and handling. Where the negligence of the telegraph company results in goods being shipped and sold on a certain market, when, but for such negligence, they would not have been shipped at all, the measure of damages is the difference between the price realized by the sale and. the value of the goods at the place of shipment, plus the cost of handling and freight."

[1, 2] Respondent was engaged in buying and shipping grain. To determine his loss, then, it was proper to show what he could have received for such oats at the regular terminal shipping point, Chicago, where of course there was an open market for oats at all times. What then was the value of these oats to respondent? Was it the sum at which like oats could be purchased, or the value of these very oats for purposes of shipment and sale? Clearly the latter; such oats having been purchased and being held by a dealer therein for purpose of shipment and sale. There was no duty devolving upon respondent to purchase other oats to replace these oats sold, and thereby to reduce defendant's liability. Western Union Tel. Co. v. Stevens (Tex.) 16 S. W. 1095. There may have been no other oats that could · have been purchased; but, even if there were, plaintiff had the right to purchase such oats and make a profit by selling them just as he might have done if he had suffered no loss in this shipment to Miles, and the fact that he could purchase other oats is absolutely foreign to any issue in this case. Western Union Tel. Co. v. Collins, 45 Kan. 88, 25 Pac. 187, 10 L. R. A. 515. Appellant suggests that there is a certain risk connected with shipping produce that must be taken into consideration, in connection with freight rates, expense of handling, etc., in determining the true value of produce at the shipping point. Conceding that to be true, such fact avails appellant nothing in this case, as he offered no evidence on that point, either upon direct or cross-examination.

[3] Appellant contends that the court erred in ruling that

plaintiff's measure of damages should be based upon the value of oats at Armour. Appellant contends that, by his complaint, respondent made the market value of oats at Miles, Iowa, the basis upon which his damages should be determined; that, owing to the fact that the minds of respondent and his purchaser never met, respondent could have collected the market prices at Miles; and that such market price, being alleged to have been 45 cents, the loss, if any, suffered by respondent was due to his fault, and not to that of appellant. While respondent's complaint did allege the market price at Miles, it also alleged facts showing the shipping value of the oats at Armour for purposes of shipment to the usual terminal point, Chicago. The printed record shows that the case was tried throughout upon the theory that the value of the oats at Armour controlled, that upon the trial appellant insisted that the value of the oats at Armour rather than at Miles was controlling, and that there is no assignment of error upon which this contention could be based.

The judgment and order appealed from are affirmed.